UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-

SAYUZ DAIBAGYA,

        *Defendant*.

20-CR-415 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Defendant, Sayuz Daibagya, has filed a motion for the return of seized property, pursuant to Federal Rule of Criminal Procedure 41(g). For the reasons set forth below, I deny Mr. Daibagya's motion.

## BACKGROUND

Mr. Daibagya was the leader of a conspiracy that involved smuggling electronic devices—some of which were stolen and none of which were declared on the requisite export forms—from the United States to Russia for resale. Presentence Investigation Report 5–7, ECF No. 156. In total, this conspiracy resulted in the smuggling of over $50 million worth of goods outside of the United States. *Id.* at 5. Although Mr. Daibagya primarily organized the smuggling trips, he would occasionally smuggle products from the United States himself. *Id.* at 6. Individually, Mr. Daibagya is accountable for smuggling $9.5 million worth of stolen electronics out of the United States for resale in Russia. *Id.* at 7.

On November 16, 2021, Mr. Daibagya pleaded guilty to one count of conspiracy to smuggle electronic devices, defraud the United States, and fail to file export information, in violation of 18 U.S.C. § 371, and a second count of illegally exporting electronic devices, in

violation of 18 U.S.C. § 554(a). *Id.* at 3–4. In his plea agreement, Mr. Daibagya agreed to specific forfeiture provisions, including the forfeiture of $12,872 and 31,380 rubles (the latter equivalent to approximately $402.32) (the "Specific Assets"). Gov't Opp. to Def.'s Mot. for Return of Property Suppl. Letter, Ex. 1 ¶ 6, ECF No. 256-1 ("Plea Agreement"). These assets were seized from him at the time of his arrest and were "proceeds obtained directly or indirectly as a result of [his] violation of 18 U.S.C. § 371 . . . and . . . 18 U.S.C. § 554(a)." Judgment, Ex. 1, at 1–2, ECF No. 225-1; *see also* Presentence Investigation Report 16–17. In addition to expressly agreeing to forfeit the Specific Assets, Mr. Daibagya agreed to "not file a claim or petition seeking remission or contesting the forfeiture of the Specific Assets . . . in any administrative or judicial (civil or criminal) proceeding." Plea Agreement ¶ 9. On October 20, 2022, I sentenced Mr. Daibagya to 21 months' imprisonment to be followed by 2 years' supervised release and ordered him to forfeit the Specific Assets. Judgment 1, 3–4, ECF No. 225; *id.* Ex. 1, at 2. Mr. Daibagya now moves, pursuant to Federal Rule of Criminal Procedure 41(g), for the return of the Specific Assets. *See* Def.'s Mot. for Return of Seized Property (Def.'s Mot.), ECF No. 252.

## LEGAL STANDARD

When criminal proceedings against a movant are complete, that movant has no right to have his property returned under Rule 41(g) and any motion brought under that rule should be treated as a civil complaint. *Onwubiko v. United States*, 969 F.2d 1392, 1396–97 (2d Cir. 1992), *overruled on other grounds by Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 651 (2d Cir. 1998). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), I must "accept all factual allegations as true" and "draw all reasonable inferences in favor of the plaintiff[]." *Melendez v. City of New York*,

2

16 F.4th 992, 1010 (2d Cir. 2021) (quotations omitted). A claim is sufficiently plausible to withstand a motion to dismiss when the "factual content" of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Determining whether a claim has facial plausibility is "a context-specific task that requires the . . . court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Plea agreements that contain waivers of the right to appeal are generally valid, unless the defendant does not enter into the agreement "knowingly, voluntarily, and competently." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). As long as a written plea agreement is "unambiguous as a matter of law, and there is no suggestion of government overreaching of any kind, the agreement should be interpreted and enforced accordingly." *In re Altro*, 180 F.3d 372, 377 (2d Cir. 1999) (quoting *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986)).

## DISCUSSION

Because Mr. Daibagya's criminal proceeding has concluded, I construe his 41(g) motion as a civil complaint. *Onwubiko*, 969 F.2d at 1397 ; *see also Adeleke v. United States*, 355 F.3d 144, 151 (2d Cir. 2004) ("[W]e continue to adhere to . . . *Mora* and its progeny insofar as those cases recognize federal equitable jurisdiction to order the return of property . . . even after the conclusion of criminal proceedings.").

Mr. Daibagya brought this motion requesting the return of the Specific Assets, despite the fact that he agreed in his plea to forfeit the Specific Assets and to not "file a claim or petition seeking remission or contesting the forfeiture of the Specific Assets . . . in any administrative or judicial (civil or criminal) proceeding." Plea Agreement ¶¶ 6, 9. Further, Mr. Daibagya failed to

allege any facts indicating that his plea agreement should not be enforced; he neither alleged that he entered his plea agreement unknowingly, involuntarily, or incompetently, nor set forth any facts implying the invalidity of his plea agreement. Def.'s Mot. Instead, the plea agreement clearly indicates that Mr. Daibagya will have to forfeit the Specific Assets and that he must waive his right to challenge the forfeiture. Plea Agreement ¶¶ 6–12; *see also* Gov't Opp. to Def.'s Mot. for Return of Property, Ex. 3 at 1, 16–18, ECF No. 255-3 (pointing out the forfeiture requirements in the plea agreement during the plea allocution hearing). Because Mr. Daibagya did not allege that his plea agreement is improper, he is bound by its terms, including both the forfeiture and waiver provisions.

## CONCLUSION

In light of the above, the motion for the return of the Specific Assets is denied.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:     September 27, 2023
           Brooklyn, New York

4